# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JOSE ESTEVAN BARRERA RODRIGUEZ,<br>　　　Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director of Enforcement and Removal Operations, Boston Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; MICHAEL NESSINGER, Warden of Wyatt Detention Facility,<br>　　　Respondents. | C.A. No. 25-cv-607-JJM-PAS |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Before the Court is Jose Estevan Barrera Rodriguez's petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. He seeks immediate release from the custody of Immigration and Customs Enforcement ("ICE") or, in the alternative, a bond hearing before an Immigration Judge ("IJ"). The Government objects to Mr. Barrera Rodriguez's request for relief. ECF No. 5.

By now, this type of petition has become all too familiar to the Court. Like countless others, Mr. Barrera Rodriguez is a noncitizen who is being improperly

detained under the mandatory detention statute, 8 U.S.C. § 1225. However, as explained below, that statute does not apply to him, and courts across the country have reached the same conclusion in factually similar cases. *See, e.g.*, *Romero v. Hyde*, No. 25-11631-BEM, --- F. Supp. 3d ----, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (collecting cases). Indeed, "[m]ore than 100 federal judges," appointed by every president since Ronald Reagan, "have now ruled at least 200 times" that this particular mandatory detention practice is illegal.[1] *Martinez v. Hyde*, No. 25-11909-BEM, --- F. Supp. 3d ----, 2025 WL 3152847, at *1 (D. Mass. Nov. 12, 2025).

For the reasons stated, the Court GRANTS Mr. Barrera Rodriguez's petition and ORDERS his immediate release.

## I.    FACTUAL BACKGROUND

Mr. Barrera Rodriguez is a 19-year-old citizen of Honduras who arrived in the United States on or about March 25, 2024. ECF No. 1 at 1. He fled his home country because he believed his life was in danger. *Id.* On or about March 27, 2024, Department of Homeland Security ("DHS") officials encountered Mr. Barrera Rodriguez and charged him with having entered the country without admission or inspection under 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 1-2 at 1; ECF No. 5 at 2. DHS later released him on an Order of Release on Recognizance. ECF No. 1 at 3.

---

[1] The article Judge Murphy quotes from is: Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, Politico (Oct. 31, 2025, 4:29 PM), https://www.politico.com/news/2025/10/31/trump-administration-mandatory-detention-deportation-00632086 [https://perma.cc/4NXW-GDM8].

More than a year-and-a-half later, on November 6, 2025, ICE officers encountered Mr. Barrera Rodriguez while he was driving in New Hampshire. *Id.* They pulled him over, removed him from his car, and detained him. *Id.* ICE subsequently arrested Mr. Barrera Rodriguez on a warrant, alleging that he "lacks immigration status or notwithstanding such status is removable under U.S. immigration law." ECF No. 5 at 3; *see also* ECF No. 1-4 at 1. He is now being held at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island. ECF No. 1 at 3.

## II.   DISCUSSION

This case concerns the proper provision of the Immigration and Nationality Act ("INA") under which Mr. Barrera Rodriguez is being held. He contends that he is being held under 8 U.S.C. § 1226(a), the discretionary detention statute that entitles noncitizens to a bond hearing before an IJ. ECF No. 1 at 4-5. The Government counters that Mr. Barrera Rodriguez is being held under 8 U.S.C. § 1225(b)(2), which subjects noncitizens to mandatory detention and does not provide them with the right to a bond hearing. ECF No. 5 at 3. The former applies to noncitizens "already in the country pending the outcome of removal proceedings," *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018), whereas the latter applies to "applicants for admission" who are generally encountered "at the Nation's borders and ports of entry," *id.* at 287.[2]

_____

[2] The Government argues that *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), found otherwise. ECF No. 5 at 4-5. However, this Board of Immigration Appeals decision "is not binding and this court 'must exercise independent judgment

The Government acknowledges that this Court, along with several others, have in recent weeks issued rulings finding that Section 1226(a) applies to individuals in Mr. Barrera Rodriguez's position—not Section 1225(b)(2).  ECF No. 5 at 3-4 (citing *Astudillo v. Hyde*, No. 25-551-JJM-AEM, 2025 WL 3035083 (D.R.I. Oct. 30, 2025); *Tomas Elias v. Hyde*, No. 25-cv-540-JJM-AEM, 2025 WL 3004437 (D.R.I. Oct. 27, 2025); *Rodriguez v. Nessinger*, No. 25-cv-505-MSM-AEM, 2025 U.S. Dist. LEXIS 204998 (D.R.I. Oct. 17, 2025); *Doe v. Moniz*, No. 1:25-cv-12094-IT, 2025 WL 2576819 (D. Mass. Sept. 5, 2025); *Elias Escobar v. Hyde*, No. 1:25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); *Romero*, 2025 WL 2403827; *Desgazons v. Nessinger*, No. 25-cv-459-MRD-PAS (D.R.I. Oct. 22, 2025)).  The Government states that, "in the interest of judicial economy, and to expedite the Court's consideration of this matter," it will rely on the same legal arguments presented in the *Doe* and *Escobar* cases.  *Id.* at 4.  It further concedes that, "given the common question of law in the above-cited cases and Petitioner's Writ, if the Court applies the same reasoning the courts did in the above-cited cases to this one, the legal principles espoused in those cases would likely warrant the same result in this case."  *Id.*

The Court finds the reasoning in the above-cited cases do warrant the same conclusion here: because Mr. Barrera Rodriguez is "already in the country pending the outcome of removal proceedings," he is being detained under Section 1226(a)— not Section 1225(b)(2).  In addition, like this Court explained in *Tomas Elias* and

---

in determining the meaning of statutory provisions.'" *Elias Escobar*, 2025 WL 2823324, at *3 (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024)).

*Astudillo*, exhaustion is not required here because: (1) Mr. Barrera Rodriguez faces severe irreparable harm if his detention continues without clear reason; and (2) the Immigration Court and the BIA are unable to adjudicate the constitutionality of his detention. 2025 WL 3004437, at *3; 2025 WL 3035083, at *3. As such, the Court finds that Mr. Barrera Rodriguez is constitutionally entitled to a bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). Because the Government has not put forth any evidence to suggest that Mr. Barrera Rodriguez poses a flight risk or is a danger to the community, the Court finds that his immediate release is appropriate. *See Tomas Elias*, 2025 WL 3004437, at *5; *see also Tejada Polanco v. Hyde*, Nos. 25-cv-552-JJM-AEM, 25-cv-561-JJM-AEM, 2025 WL 3033926, at *2 (D.R.I. Oct. 30, 2025); *Herrera Martinez v. Hyde*, No. 25-cv-575-JJM-AEM, 2025 WL 3124025, at *2 (D.R.I. Nov. 7, 2025). In the interest of judicial economy and to expedite this matter, the Court need say no more.

## III.    CONCLUSION

Accordingly, the Court GRANTS Mr. Barrera Rodriguez's habeas petition. ECF No. 1. The Government is ORDERED to provide Jose Estevan Barrera Rodriguez with a bond hearing before an IJ under 8 U.S.C. § 1226(a) within ten days of the date of this order. The Court further ORDERS the Government to release Jose Estevan Barrera Rodriguez immediately pending the bond hearing. The Government shall set minimal release conditions that will reasonably assure his appearance at the bond hearing. Finally, the Court ORDERS the Government to file a status report

within five days of Mr. Barrera Rodriguez's bond hearing, stating whether he has

been granted bond and, if his request for bond was denied, the reason for that denial.

IT IS SO ORDERED.

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court